CHARLES H. STEBBINS, assignee, *vs.* CONNERS BROTHERS CONSTRUCTION COMPANY.

Middlesex.   March 3, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Contract*, What constitutes, Performance and breach. *Assignment*, For benefit of creditors.

At the trial of an action for an alleged breach by the defendant of a contract by which the plaintiff was to do certain work upon a building as a sub-contractor under the defendant, the alleged breach being a refusal of the defendant to permit the plaintiff to carry out the contract, it appeared that a certain person on or about August 20 had submitted to the defendant a bid for the perform-

---

ance of the work, and, after conversation with the architect, had signed on September 29 an agreement in writing to reduce his bid a certain percentage, and to " put up a bond of 33 % of " his contract, that on November 20 such person made an assignment for the benefit of his creditors to the plaintiff who continued the business with the assignor as manager, that on December 1 the plaintiff signed with the defendant the contract declared on, which was dated September 29, in which there was no mention of a bond or of the agreement of the plaintiff's assignor dated September 29, but in which the price fixed upon was the amount of the original bill less the reduction agreed upon on September 29 by the plaintiff's assignor. The plaintiff testified that nothing had been said to him about a bond before the execution of the contract declared on. The plaintiff's assignor testified that shortly after he made the agreement of September 29 he might have told the architect that he was getting a bond fixed up and that it would be ready in a day or two. *Held*, that the questions whether there ever was an agreement that the giving of a bond should be a condition precedent to the contract becoming of binding force, and whether, if there ever was such an agreement, it had been waived, were for the jury.

CONTRACT for damages resulting to the plaintiff from a refusal by the defendant to permit the plaintiff to carry out a contract in writing which provided that the plaintiff for an agreed price should do the fireproofing for a building for the Knights of Columbus at New Haven, Connecticut, being erected by the defendant as general contractors. Writ in the Superior Court for the county of Middlesex dated September 13, 1905.

The case was tried before *Hardy*, J. There was evidence tending to show that one Fernald of a firm called Burge and Fernald, having examined the plans and specifications of one Faxon, an architect, according to which the defendant was to erect the building in question, wrote to the defendant as follows: " Boston, August 20, 1904. Messrs. Connors Bros. Boston, Mass. Gentlemen: It will cost for terra cotta arches, partitions, fireproofing beams, columns and girders in building for Knights of Columbus at New Haven, Conn., as per plans and specifications by John Lyman Faxon, architect, the sum of $8537.00. Concrete over said arches will cost $934.00 additional. Respectfully yours, Burge & Fernald." A duplicate of the bid was sent directly to the architect, who later advised Fernald that his firm was the successful bidder for the fireproofing, whereupon Fernald wrote to the defendant as follows: " Boston, Sept. 6, 1904. Messrs. Connors Bros., Lowell, Mass. Gentlemen: Mr. Faxon advises us that we are the successful bidders on the Knights of Columbus Building at New Haven, in con-

nection with you, and we would ask that, at present, you will please give us an acceptance of this work, and later on, if you care to make any contract, we could do so at most any time. We would like to close this work as we˙ want to order the goods.  Respectfully yours, Burge & Fernald."  Later Fernald had conversations with the architect, with whom were most of his conversations regarding the fireproofing, and on September 29, 1904, as a result of such conversations, signed with other sub-contractors the following :

"Sep 29 1904

"In re 'int work' for Knights of Columbus Building, New Haven, Conn. — under contract with the Connors Bros. Const. Co. of Lowell.

"The undersigned sub-bidders on above job hereby agree to take off (reduce) their respective bids, as originally made 5 76/100 % and to execute contracts, for their respective sub work with said Connors Bros. Construction Co. as soon as said contract forms are perfected, and to individually put up a bond of 33 % of the amount of said individual contracts."

The witness Fernald testified that the bid referred to in the agreement of September 29 was that contained in the foregoing letter dated August 20.

The agreement of September 29 was admitted in evidence subject to an exception by the plaintiff.

It further appeared that on November 20, 1904, the firm of Burge and Fernald made an assignment for the benefit of their creditors to the plaintiff, who continued the business, Fernald acting as manager.

On December 1, 1904, the plaintiff and the defendant signed under seals the contract declared on, the plaintiff signing under the name, "Burge & Fernald, By Charles H. Stebbins S."  The opening paragraph of the contract was as follows :

"Sept. 29, 1904.

"Made this twenty-ninth day of September, 1904, by and between the Conners Bros. Construction Co. . . . party of the first part, and Burge and Fernald . . . party of the second part."

The price to be paid for the work agreed to be performed was the price named in the letter of August 20, less the deduction agreed upon in the alleged agreement of September 29.  The

contract declared on contained no mention of a bond. As to it, Fernald further testified as follows:

"Q. And this contract was drawn up as a result of this agreement of September 29th, was it not? A. The price was, the price was.

"Q. . . . Now, I will ask you if it is that contract form referred to in this agreement of September 29, 1904? A. I should say yes.

"Q. Now, I will ask you if this contract form was not executed pursuant to this agreement? A. I should say it was."

Fernald also testified that he might have told the architect shortly after the agreement of September 29 that he was getting a bond fixed up and that it would be ready in a day or two. The plaintiff testified that nothing ever had been said to him about a bond previous to the signing of the contract declared on, that, so far as he knew, no bond ever was furnished by him or Burge and Fernald to the defendant, that after he had made the contract the defendant had talked with him on the telephone about a bond.

At the close of the plaintiff's evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*O. Storer*, for the plaintiff.

*A. S. Howard*, for the defendant.

HAMMOND, J. Upon the evidence we think that the questions whether there ever was an agreement that the giving of a bond should be a condition precedent to the validity or binding force of the contract, and whether, if there ever was such an agreement, there was a waiver of the condition, were for the jury, and that the case should have been submitted to them.

*Exceptions sustained.*